**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 12, 2011

Brain Douglas Bennett, Esq.
Law Offices of Turziu and Bennett
2211 Eastern Blvd.
Baltimore, MD  21220

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

> **Re: Sandra Edith Jones v. Michael J. Astrue, Commissioner of Social Security, PWG-09-2838**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Jones' claim for Supplemental Security Income ("SSI"). (ECF Nos. 18,24,26).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Ms. Jones (sometimes referred to as "Claimant") filed an application for Supplemental Security Income ("SSI") on November 29, 2005, alleging that she became disabled on November 1, 2005, due to hepatitis B&C, arthritis in her back and shoulders and knee problems. (Tr. 60, 91).  After her claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Robert W. Young. (Tr. 24-25,190-213).  In a decision dated July 25, 2008, the ALJ denied Ms. Jones' claim. (Tr. 13-19).  The ALJ found that Ms. Jones' chronic liver disease and left shoulder arthritis constituted "severe" impairments as defined in the Regulations. However, the ALJ also found theses impairments did not meet or

medically equal a Listing. (Tr. 15). The ALJ next found that Claimant retained the residual functional capacity ("RFC") to perform a limited range of light work[1], and that based on her RFC she was precluded from performing any past relevant work ("PRW"). After receiving testimony from a vocational expert, ("VE"), the ALJ determined that there was work available in significant numbers in the local and national economies that Ms. Jones could perform. Accordingly, the ALJ found she was not disabled within the meaning of the Act. (Tr. 13-19). On October 22, 2009, the Appeals Council denied Ms. Jones' request for review, making the ALJ's decision the final, reviewable decision of the Commissioner. (Tr. 4-6). This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents two primary arguments in support of her contention that the ALJ's decision is not supported by substantial evidence. For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

First, Claimant argues that the ALJ erred at step three of the sequential evaluation in failing to find that she met Listing 5.05[2]. The Commissioner responds that while there is no

---

[1] Judge Young found Ms. Jones' ability to perform light exertional work was diminished by the following nonexertional limitations: She could not climb any ladders, ropes, or scaffolds. She could perform no more than limited overhead reaching on the left side. (Tr. 16).
[2] Counsel for Claimant fails to identify which section(s) of Listing 5.05 Claimant contends were met. This vagueness hampers

dispute that Ms. Jones previously met Listing 5.05(F)(3), pursuant to a 1999 ALJ decision[3], the ALJ in this case properly found that she did not qualify for benefits because the previous award for benefits is not dispositive of her 2005 application. (Tr. 31).  *See* Defendant's Memorandum pp. 14-16.

After careful review of the entire record, I find that the ALJ applied the appropriate standard concerning digestive disorders.

The version of Listing 5.05 in effect at the time of the ALJ's decision[4] required:

> Chronic liver disease, with:
> F. Hepatic encephalopathy as described in 5.00D10, with 1 and either 2 or 3:
>
> 3: One of the following occurring on at least two evaluations at least 60 days apart within the same consecutive 6-month period as in F1:
>   a. Asterixis or other fluctuating physical neurological abnormalities; or
>   b. Electroencephalogram(EEG)demonstrating triphasic slow wave activity; or
>   c. serum albumin of 3.0 g/dl or less; or
>   d. International Normalized Ratio (INR)of 1.5 or greater.

Claimant bears the burden of production and proof through the first four steps of the evaluation process. *Pass v. Chater*, 65 F.3d 1200 (4th Cir. 1995).  After careful review of the record in this case I find that Claimant failed to meet her burden, and that the ALJ's decision that she is not disabled is supported by substantial evidence.  For example, the Claimant's treatment records for the relevant time period are in the record, and the treatments Claimant sought were for knee and shoulder pain. Furthermore, there was a consultative examination conducted by Dr. Purcell Bailey for evaluation of Ms. Jones'

---

review by the Court, inasmuch as there are numerous subsections of Listing 5.05 regarding digestive disorders.
[3] Ms. Jones benefits were terminated sometime around 2003. *See* Plaintiff's Mem. p.1. This termination was apparently never appealed, and is not an issue in this case.
[4] Listing 5.05 was substantially revised effective December 18, 2007. 72 Fed. Reg. 59398(October 19, 2007).

hepatitis B&C. The examiner's report reveals that Claimant was a well-developed, well-nourished female with appropriate affect and that her bowel sounds were normal and active. The evaluation also found no tenderness, palpitation masses or organomegaly. (Tr. 133). These findings seriously undermine her allegation that she meets Listing 5.05.

Next Ms. Jones argues that the ALJ erred in determining her RFC by failing to adequately consider her claims of physical limitations due to her liver disease. Specifically, she contends that the ALJ was required to order a consultative examination("CE"). For the reasons that follow, I find her arguments are without merit.

The ALJ is vested with discretionary power in determining whether a consultative examination is necessary. 20 C.F.R. §416.919a(b) sets forth the standard when it **may be appropriate** for a CE to be ordered: "when the evidence as a whole, both medical and nonmedical is not sufficient to support a decision on your claim." Additional situations when a CE may be required are identified:
> [(1)] The additional evidence needed is not contained in the records of your medical sources;
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
> (5) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your condition is not established.

20 C.F.R. §416.919a(b).(emphasis added).

In the present case, the record does not reflect any of the foregoing circumstances requiring a CE. Ms. Jones' medical records were part of the record and there is no evidence that there was difficulty in obtaining them, or that they were incomplete. For example, Exhibit 6F documents her various hospital emergency room visits for medical treatment with

4

primary complaints of low back pain secondary to a slip and fall, left shoulder and knee pain. (Tr. 148-189). Finally, as stated previously, a consultative examination was ordered in 2006 by the Agency, during which Ms. Jones' hepatitis B&C were considered.  After review of the record and the ALJ's decision, I therefore find that the ALJ did not need to order an additional examination, and that his decision is supported by substantial evidence.

     Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 9/12/11                     ___/s/_____
                                      Paul W. Grimm
                                      United States Magistrate Judge